UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLEE M. COMPLIMENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:16-cv-3477-WTL-DML |
| | ) |
| SANOFI-AVENTIS US, INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on the Defendant's motion to dismiss (Dkt. No. 10) the Plaintiff's Complaint. The motion is fully briefed, and the Court, **GRANTS** the motion **IN PART** and **DENIES** it **IN PART**, for the reasons set forth below.

## I. STANDARD

The Defendant moves to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it fails to state any claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015). Neither legal conclusions nor recitations of the elements of a cause of action suffice to state a claim. *See id.*

To survive a motion to dismiss, a complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## II. BACKGROUND

The Plaintiff, Kimberlee M. Compliment, brought this action against the Defendant Sanofi-Aventis US, Inc. under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12113, as amended; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* For the purposes of this motion, the Court accepts the facts alleged in the Complaint as true.

Compliment was employed by Sanofi-Aventis as a Sale Representative beginning in June 2005. She is a female with young children. She "has a disability, a record of disability, and was regarded by her employer as an individual with a disability." In July 2013, Sanofi-Aventis hired Yvonne Tomes, who became Compliment's manager after Tomes completed her training. Compliment was pregnant when Tomes became her manager, and Compliment gave birth to her daughter in April 2014.

Tomes was very upset that Compliment took unpaid childcare leave after her daughter's birth. When Compliment returned to work after her leave in the fall of 2014, she was subjected by Tomes to "constant harassment because she was a female with young children and required childcare leave." For example, Tomes took away Compliment's flex-time and would no longer allow her to take Fridays off; Tomes increased her direct supervision of Compliment; Tomes only gave Compliment 15 minutes notice before meetings, which was not customary; Tomes asked if Compliment was "still sure [she] didn't want to stay home with [her] kids?"; and Tomes favored males and eventually removed all females with young children from her team.

2

Compliment complained about this harassment to Human Resources and upper management. By March 2015, the harassment had become "so intolerable that Compliment was forced to take leave under Sanofi[-Aventis]'s disability policy." Sanofi-Aventis was aware of the harassment but refused to take any action to stop the harassment and allow Compliment to return to work. Sanofi-Aventis failed to accommodate Compliment's disability "by refusing to do anything to stop the workplace harassment and hostile work environment, and instead terminated her employment" in November 2015.

Compliment alleges Sanofi-Aventis engaged in sex and pregnancy discrimination and harassment in violation of Title VII by subjecting her to differential treatment and a hostile work environment and by terminating her employment, all on account of her sex and pregnancy. She also alleges that Sanofi-Aventis retaliated against her in violation of Title VII by terminating her because she complained about sex and pregnancy discrimination and harassment. Compliment claims that she is a qualified individual with a disability, she has a record of disability and she was regarded as having a disability by Sanofi-Aventis. She also claims that Sanofi-Aventis discriminated against her in violation of the ADA by failing to provide her with a reasonable accommodation and by terminating her employment because of her disability and complaints about differential treatment. Finally, Compliment alleges that when she returned to work after taking FMLA leave, Sanofi-Aventis retaliated against her in violation of the FMLA "by taking away her flex-time, telling her she could no longer take Fridays off, and subjecting her to differential treatment than employees who had not required protected leave."

### III. DISCUSSION

#### A. Sex/Pregnancy Discrimination and Hostile Work Environment

Title VII prohibits an employer from "discriminat[ing] against" an employee "because of such individual's … sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act provides that this prohibition against sex discrimination applies to discrimination "because of or on the basis of pregnancy, [or] childbirth." 42 U.S.C. § 2000e(k). A Title VII plaintiff may bring discrimination claims based on discrete acts, such as the failure to promote or termination of employment, and based on a hostile work environment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). To state a claim for discrimination based on a discrete act, a complaint need allege only "that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex [or pregnancy]." *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); s*ee also Huri*, 804 F.3d at 833 (a complaint states a discrimination claim where it identifies "'the type of discrimination' the plaintiff thought occurred, [and] 'by whom, and when'") (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)).

The Complaint alleges that Tomes subjected Compliment to differential treatment, for example, by denying her flex-time and Fridays off, and terminated her employment, all on account of her sex and pregnancy. While the differential treatment by itself or the allegation of the denial of flex-time and Fridays off may not rise to the level of a materially adverse action, *see Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012) (stating that "an adverse action must materially alter the terms or conditions of employment to be actionable under the antidiscrimination provision of Title VII"), the allegation that Compliment's employment was terminated is sufficient to state a claim for sex/pregnancy discrimination based on discrete acts.

In a footnote, Sanofi-Aventis argues that even if the loss of flex-time could constitute an adverse employment action, the discrimination claim fails because Compliment alleges she was

denied flex-time in the fall of 2014 and she did not file a Charge of Discrimination until December 22, 2015, more than 300 days after the alleged adverse action. Further factual development may show that the discrimination claim based on the denial of flex-time is time barred, but Sanofi-Aventis's argument is not sufficiently developed or supported by citation to any legal authority. Therefore, the Court declines to decide whether the claim is time barred. Sanofi-Aventis can revisit this argument, if appropriate, on summary judgment.

To state a hostile work environment claim, a complaint must allege that: (1) the plaintiff was subject to unwelcome harassment; (2) the harassment was based on a reason forbidden by Title VII, such as sex or pregnancy; "(3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Huri*, 804 F.3d at 833-34. The complaint alleges a hostile work environment and harassment based on Compliment's sex and pregnancy, by her manager, upon her return to work in the fall of 2014 from childcare leave. That is enough to state a hostile work environment claim.

Sanofi-Aventis argues that allegations of a denial of a flexible schedule and Fridays off, heightened managerial oversight, limited advance notice of meetings, and the one alleged stray remark by Tomes are not sufficiently severe or pervasive as to create an abusive working environment. It would be premature at this pleading stage to determine that Compliment's work environment was not sufficiently abusive. The Complaint alleges that the harassment was "constant", which suggests pervasiveness; it alleges specific incidents by way of "example"; it further alleges, albeit generally, that Tomes "favored" male employees and removed all females with young children from her team; and it alleges that the harassment was so intolerable that Compliment had to take disability leave. While it remains to be seen whether Compliment's has

5

the evidentiary support necessary to survive the more stringent summary judgment standard, she has alleged enough facts to withstand the motion to dismiss.

Accordingly, the motion to dismiss is denied with respect to the Title VII sex and pregnancy discrimination and hostile work environment harassment claims.

### B. Title VII Retaliation

Title VII prohibits an employer from "discriminat[ing] against" an employee because she "opposed any practice" made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). To state a claim for retaliation under Title VII, a complaint must allege that the plaintiff engaged in statutorily protected activity and was subjected to an adverse employment action as a result of that activity. *Huri*, 804 F.3d at 833; *Luevano*, 722 F.3d at 1029. In the retaliation context, "adverse employment action" means an "employer's action that would dissuade a reasonable worker from participating in protected activity." *Huri*, 804 F.3d at 833; *see also id.* at 833 n.3 (emphasizing that the burden for Title VII discrimination claims is heavier than for Title VII retaliation claims).

The Complaint alleges that in the fall of 2014 when Compliment returned to work from childcare leave, her manager Tomes constantly harassed her because she was a female with young children, Compliment complained about this harassment to "Human Resources and upper management", and her employment was terminated "because she complained about sex and pregnancy discrimination/harassment." (Complaint at ¶¶ 20, 29). These allegations state a retaliation claim—Compliment's complaints about sex and pregnancy discrimination/harassment are protected activities and the termination of her employment is an adverse employment action. *See, e.g.*, *Huri*, 804 F.3d at 833 (holding employee sufficiently alleged Title VII retaliation claim where she alleged she made internal complaints and was subjected to adverse employment

actions including screaming and denial of time off). The motion to dismiss is denied with respect to the Title VII retaliation claim.

### C. ADA Discrimination and Failure to Accommodate

The ADA prohibits an employer from discriminating against a qualified individual with a disability because of her disability. 42 U.S.C. §§ 12203(a), (b), 12112(a). To state a claim of disability discrimination under the ADA, a complaint must allege that: (1) the plaintiff has a disability within the meaning of the ADA, (2) she is otherwise qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). The complaint must also allege "a specific disability." *Id.* at 345-46 ("The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability.").

The Complaint pleads no facts even to permit an inference that Compliment has a disability within the meaning of the ADA. The conclusory allegation that she has a disability, a record of disability, and was regarded by Sanofi-Aventis as having a disability is insufficient. *See Iqbal*, 556 U.S. at 678, 680 (legal conclusions and recitations of the elements of an action are insufficient to state a claim). The Complaint does not identify the specific disability Compliment alleges she has. (Compliment's opposition brief does not explain what her disability is either.) Further, the Complaint fails to allege that Compliment is qualified to perform the essential functions of her job with or without reasonable accommodation.

Under the ADA, an employer's failure to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" constitutes disability discrimination. 42 U.S.C. § 12112(b)(5)(A). To state a claim for failure to

accommodate, a complaint must allege that: (1) the plaintiff is a qualified individual with a disability, (2) the employer was aware of her disability, and (3) the employer failed to reasonably accommodate the disability. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 849, 853 (7th Cir. 2015) (summary judgment case). As noted, the Complaint does not plead the first element. It also fails to allege that Sanofi-Aventis was aware of Compliment's disability. The Complaint alleges that "Sanofi[-Aventis] refused to accommodate Compliment's disability by refusing to do anything to stop the workplace harassment and hostile work environment" (Complaint ¶ 23) and "refused to provide [her] with a reasonable accommodation." (*Id.* at ¶ 35). But these conclusory allegations are insufficient to state a claim for failure to accommodate. *See Iqbal*, 556 U.S. at 678, 680 (legal conclusions and recitations of the elements of an action are insufficient to state a claim). Therefore, dismissal of the ADA discrimination and failure to accommodate claims is appropriate.

### D. ADA Retaliation

The ADA prohibits an employer from retaliating against an employee who asserts her right to be free from disability discrimination. 42 U.S.C. § 12203(a). To state a claim for ADA retaliation, a complaint must allege: (1) the plaintiff engaged in statutorily protected activity, (2) she suffered an adverse action, and (3) a causal connection between the two. *Dickerson v. Bd. of Trs. of Comm. College Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). The Complaint does not allege that Compliment engaged in any activity protected under the ADA, and Compliment's opposition brief does not respond to Sanofi-Aventis's contention that she failed to state a claim for ADA retaliation. Instead, she appears to have abandoned such a claim. Thus, the ADA retaliation claim is dismissed.

### E. FMLA Retaliation

The FMLA prohibits an employer from discharging or otherwise discriminating against any individual for exercising FMLA rights. 29 U.S.C. §§ 2612(a)(2), 2615(b) (making it unlawful for any employer to discharge or discriminate against anyone for exercising rights under the FMLA); *see also Kauffman v. Fed. Exp. Corp.,* 426 F.3d 880, 884 (7th Cir. 2005) ("We have construed [§ 2615(a)(2) and (b)] to create a cause of action for retaliation."). To state a claim for FMLA retaliation, a complaint must allege: (1) the plaintiff engaged in statutorily protected activity; (2) she suffered an adverse action; and (3) a causal connection between the two. *Ames v. Home Depot U.S.A., Inc.,* 629 F.3d 665, 670 (7th Cir. 2011). The adverse action must be "materially adverse." *See, e.g., Cole v. Illinois*, 562 F.3d 812, 816 (7th Cir. 2009). Materially adverse actions "'include any actions that would dissuade a reasonable employee from exercising [her] rights under the FMLA.'" *Id.* (quoting *Breneisen v. Motorola, Inc.,* 512 F.3d 972, 979 (7th Cir. 2008)).

The Complaint alleges that Compliment engaged in statutorily protected activity—she took FMLA leave because of the birth of her daughter. The Complaint further claims that when she returned to work, her manager Tomes took away her flex-time and would no longer allow her to take Fridays off, and subjected Compliment to disparate treatment as compared to employees who had not taken FMLA leave. These types of actions could dissuade a reasonable employee from exercising her rights to take leave under the FMLA, which is all that is required for a retaliation claim. And it alleges a connection between the leave and the adverse actions. Therefore, the Complaint states a claim for FMLA retaliation.

### IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (Dkt. No. 10) is **GRANTED** with respect to the discrimination, failure to accommodate, and retaliation claims under the ADA and **DENIED** with respect to all other claims.

SO ORDERED: 9/14/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification